192 So.2d 49 (1966)
Clinton W. BROWN, Sr., Appellant,
v.
Diane KENDRICK, a Minor, by Grover Kendrick, Her Father and Next Friend, and Grover Kendrick, Individually, Appellees.
No. H-228.
District Court of Appeal of Florida. First District.
November 17, 1966.
*50 Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellant.
Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellees.
JOHNSON, Judge.
The plaintiffs below, appellees here, were a father and his minor daughter. The daughter was injured in an automobile accident while riding as a guest in an automobile owned by the defendant, appellant, which was being driven by the 16 year old son of said appellant. The plaintiffs sued the appellant as owner of the automobile in which the plaintiff's daughter was riding, as well as the party owning and operating the other automobile involved in said accident, a man named Scott. The cause was tried before a jury, which returned a verdict against defendant-Brown, in favor of the daughter-plaintiff, Diane Kendrick, in the amount of $16,000.00 and in favor of the plaintiff-father, Grover Kendrick, in the amount of $1341.00, and found the defendant-Scott not guilty. Final judgment was entered pursuant to said verdict and the defendant-Brown appeals therefrom.
In the course of the pleadings, the defendant-Brown, in addition to his general denials, included in his answer the defense of contributory negligence because the plaintiff, Diane Kendrick, did not avail herself of the safety available by fastening her seat belt, with which the automobile was equipped. This latter defense was stricken by the court upon motion of the plaintiffs, and defendant Brown allowed to amend. In the amended answer, the same general denials were alleged and the defense of contributory negligence for failure of Diane Kendrick to fasten her seat belt. The language used in the amended answer was more at length than in the original answer, but in substance amounted to the same alleged defense, namely, failure to use the seat belt. A newspaper editorial on the question of the use of seat belts was attached to the answer in support of the contention of contributory negligence. A motion to again strike this defense was granted by the trial court. This is assigned as the principal error by the appellant. Other errors are assigned attacking the trial court's ruling denying directed verdict and motion for judgment notwithstanding the verdict and/or a new trial, but we think these assignments may be easily disposed of by us by *51 stating that we find no reversible error in any of the court's rulings pertaining to these latter assigned errors.
The problem of the seat belts is coming to be more in the public eye today and there has been some legislative action with regard thereto. There has been and still exists controversy over the safety feature of the seat belts. The Florida Legislature has touched upon the subject only to the extent of requiring approval of the type to be used, if used. F.S. 317.951(1), F.S.A. It may be that after further research by various safety committees, the law may be changed to require the use of seat belts and to affix some element of negligence for failure to use same. This is not the law today and it is not within the province of this court to legislate on the subject, regardless of what might be the thinking of the individual members of this court. The Congress of the United States has considered several bills pertaining to motor vehicle and highway safety[1] but in neither bill as approved, has there been a mandatory use of seat belts. Further research is requested and required and a committee established therefor with directions to report back to the Secretary of Commerce. So, in this state of quandry, the plaintiff and defendant could each have argued on the merits of the use of seat belts, but each argument would necessarily have been conjectural and of doubtful propriety. We therefore dispose of the appellant's first point argued on appeal by holding that the trial court was not in error in refusing to allow the defendant to offer to the jury evidence of the plaintiff's failure to use the seat belt as constituting a defense to gross negligence on the part of the driver. We cannot accept the editorials or news letters as having the weight of law. We think the trial court properly stated the correct conclusion when he said, in effect, that defendant had not shown, except by conjecture, that the use of the seat belts would have prevented the injury complained of. Certainly, as pointed out by the appellee, the plaintiff's failure to fasten her seat belt was not such negligence as to contribute to the occurrence of the accident, nor to be the proximate contributing cause of the injury in the absence of a showing that the accident could have been avoided in the absence of such a negligent act. Bessett v. Hackett, 66 So.2d 694 (Fla. 1953). The evidence bears out the fact that the driver's recklessness or negligence caused the accident in the case at bar.
The second point urged by the appellant goes to the sufficiency of the evidence to sustain a finding of gross negligence on the part of the defendant. We think the evidence was sufficient for a jury to find gross negligence and the trial court and jury having a better opportunity to properly assess the value of the evidence, and in the absence of a showing of a gross abuse, we will not substitute our judgment for that of the jury. We have read Sams v. Sams, 148 S.E.2d 154 (S.C. 1966), submitted by the appellant subsequent to the oral argument in this case, but do not feel that this court is ready nor in a position to adopt a similar construction as the law of Florida.
For the reasons stated, the judgment appealed is affirmed.
RAWLS, C.J., and SACK, J., concur.
NOTES
[1] H.R. 13228, H.R. 13299, S. 3052, and S. 3005.