PER CURIAM.
The sole point raised and argued by the appellant on this appeal is:
“Whether the court erred as a matter of law in instructing the jury on the issue of the negligence of the child’s mother when there existed no evidence upon which to base such a charge.”
We must determine then only the question of whether there was evidence in the record to support the charge. See Wynne v. Aside, Fla.App., 1964,163 So.2d 760.
The facts pertinent to the mother’s conduct are as follows:
Mrs. Humphrey, the mother of the minor, was a school teacher and had been at school on September 1, 1966, until 3:30 P. M. Tina, age three, was left in care of her sixteen year old daughter, Theresa.
After stopping at a grocery store, Mrs. Humphrey proceeded home, where all her children were on the family porch. Theresa, who had previously been entrusted with caring for Tina was going shopping and Mrs. Humphrey said she did not send Tina with Theresa since “I wanted to watch her myself.” As Mrs. Humphrey entered the house Theresa left with her boyfriend and her son, Arnold, age 14, was busy folding papers for his newspaper route. She did not instruct any of the children to watch Tina or entrust her care to them. She stated “I just left the children on the porch.” She was putting away the groceries for a few minutes and was unaware *740 of where the children were at this time. As she called for Arnold, she heard a screech [of tires] and learned of the accident.
Tina, the three year old daughter, was killed in the accident. She apparently had gone across the street to a vacant lot with another minor for a few moments to play and had then run into the street suddenly and without warning. She was struck by a truck owned by the defendant city.
39 Am.Jur. Parent and Child, § 46 states:
“* * * A parent in the immediate control of a child of tender years who is too young to be capable of exercising any self-reliant care for its own safety is responsible for its preservation from hazards, and it is the parent’s duty to watch over such child and to guard it from danger. In such case, the parent may be regarded in a sense as a repositary of a trust to nurture and protect his offspring. Parents are, of course, not required to do the impossible in caring for their children. As a rule, however, they are bound to provide such reasonable care and protection as an ordinarily prudent person, solicitous for the welfare of his child, would deem necessary. * * * ”

In 25 Am.Jur. Highways 231, it is reported :

“Effect of Negligence of Parent or Custodian. — It is the duty of parents and custodians of children who are non sui juris to use reasonable care to protect them against the known hazards incident to their presence on a street or other public way, and to permit or suffer such a child to go or be upon a highway unattended may constitute negligence on the part of the parent or custodian, although it does not do so under all circumstances. Various factors, such as the age, capacity, or physical condition of the child, the economic or social status or position of the parents, the amount and character of traffic on the street, knowledge on the part of the parents of the presence of the child in the street, and precautions taken by them for the safeguarding of the child, may enter into and control the determination of the question. The question is ordinarily one of fact. * * *”
******
In applying these general rules “it is a question of fact for the jury to decide whether such lack of supervision was negligence under all the circumstances.” Christiana v. Rattaro, 1947, 81 Cal.App.2d 597, 184 P.2d 682, 683. In this case we feel sufficient circumstances were established to at least support the charge given. Theresa, the older girl had left. Arnold was busy with the pursuit of his own business. See Marchant v. Boston & M.R.R., 1917, 228 Mass. 472, 117 N.E. 824. Mrs. Humphrey did not instruct any of the children to watch Tina when she went inside the house.
We do not here hold that the above conduct on Mrs. Humphrey's part was, or was not, negligence as a matter of law. We simply adhere to the general principle that “a trial court must instruct the jury on the law as to the conclusions that are legally deducible under the evidence and the issues, including conclusions that the judge himself would likely not reach if he were privileged to sit as a member of the jury.” Wynne v. Aside, supra, 163 So.2d at 765.
For these reasons we find that the instruction given by the trial judge and challenged on this appeal was proper.