■ WENDY LATTA, an Infant, by Her Mother and Natural Guardian, GLORIA LATTA, Plaintiff, and GLORIA LATTA, Appellant, v JOEL R. SIEFKE, Respondent and Third-Party Plaintiff. WILLIAM R. LATTA, Third-Party Defendant.—Order unanimously reversed, with costs, and motion granted. Memorandum: As a result of an automobile accident the defendant, Joel

Siefke, was sued by Gloria Latta and her infant daughter, Wendy, passengers in a vehicle owned and operated by William Latta, third-party defendant. Defendant, Siefke, interposed a counterclaim to plaintiff's complaint seeking indemnity from Gloria Latta for any judgment that might be recovered against him in the infant Latta's claim for her injuries and damages. The counterclaim was based on the mother's failure to fasten her infant daughter's seat belt. Plaintiff moved under CPLR 3211 (subd [a], par 6) to dismiss this counterclaim. Special Term determined that it was validly interposed and denied the motion. We cannot agree. The Court of Appeals has held that nonuse of an available seat belt is a factor for the jury's consideration of due care not only to avoid injury to himself, but to mitigate any injury he might incur. The fact that an available seat belt is not used "should be strictly limited to the jury's determination of the plaintiff's damages and should not be considered by the trier of fact in resolving the issue of liability" *(Spier v Barker,* 35 NY2d 444, 450; see *Pritts v Lowery Trucking Co.,* 400 F Supp 867, 871). The defendant's contention that the infant plaintiff could sue her mother directly is also without merit. While abolishing the defense of intrafamily immunity for nonwillful torts *(Gelbman v Gelbman,* 23 NY2d 434), the Court of Appeals held that a child does not have a legally cognizable claim for damages against his parents for negligent supervision *(Holodook v Spencer,* 36 NY2d 35). The court reasoned that to permit a counterclaim against a parent for negligent supervision of her child would be contrary to the legislative policy expressed in section 3-111 of the General Obligations Law because it would result in imputing the parent's negligence to the child *(Holodook v Spencer, supra,* p 48). Since the failure to fasten the seat belt was not the proximate cause of the accident, no liability may be imposed for such failure *(Spier v Barker, supra).* Further, inasmuch as the infant plaintiff had no viable cause of action directly against her mother, to permit this counterclaim to be interposed against the plaintiff mother would be to allow the defendant Siefke to accomplish by indirection that which may not be done directly *(Holodook v Spencer, supra).* The motion to dismiss the counterclaim should have been granted. (Appeal from order of Niagara Supreme Court—dismiss counterclaim.) Present—Marsh, P. J., Cardamone, Simons, Hancock, Jr., and Denman, JJ.