367 So.2d 1061 (1979)
Kathryn WOODMAN, Individually, and Kathryn Woodman, As Guardian and Next Friend of Jennifer Woodman, Appellant,
v.
Ed DEVER, As Owner of Sea Lodge Motel, Gerald and Barbara Lawson, As Lessees of the Sea Lodge Motel, and Auto-Owners Insurance Company, et al., Appellees.
No. II-208.
District Court of Appeal of Florida, First District.
February 2, 1979.
Rehearing Denied March 14, 1979.
*1062 Elizabeth J. Gulden of Billings, Frederick, Wooten & Honeywell, Orlando, for appellant.
J. Robert Hughes of Barron, Redding, Boggs & Hughes, Panama City, for appellees.
McCORD, Chief Judge.
Appellant appeals the trial court's dismissal with prejudice of Counts III and IV of appellant's complaint which sought money damages for the mental pain and emotional stress suffered by her daughter. We affirm.
Appellant filed a complaint against appellees seeking money damages for physical and mental injuries sustained by appellant and mental injuries sustained by her minor daughter, Jennifer. The complaint alleges that appellant and her two daughters were registered in appellees' motel on July 24, 1975; that appellant locked the doors to the room before she and her daughters went to sleep; that an unknown intruder entered the room where appellant and her daughters were sleeping and sexually assaulted and robbed appellant; that appellees were negligent in their failure to provide an adequate security system for appellant's protection. Count III of the complaint alleges that Jennifer was a witness to the act of violence on her mother, and seeks damages for Jennifer's emotional distress and mental pain and suffering as a result of the witnessing of this act. In Count IV of the complaint, appellant, as mother of Jennifer, seeks damages for medical expenses incurred in the treatment of Jennifer's psychological injury, which resulted from the witnessing of her mother's assault. Appellees moved to dismiss the two counts asserting that because there were no allegations therein of physical impact, appellant may not recover for emotional distress or mental pain and suffering. The trial court granted the motion to dismiss with prejudice.
Review of this case involves consideration of a judicially established precedent in Florida, often referred to as the impact rule. That rule has established that no recovery can be had for injuries resulting from mental pain and suffering or emotional disturbance unaccompanied by any physical impact in the absence of wantonness, willfulness or malice. Appellant urges this Court to recede from that doctrine in this case. To support that proposition, appellant relies on Stewart v. Gilliam, 271 So.2d 466 (Fla. 4 DCA 1972), in which the Fourth District rejected the impact rule as being "at variance with modern-day needs and with concepts of justice and fair dealing" and allowed the plaintiff there, who had suffered a heart attack shortly after being frightened when the defendant's car struck her home, to present her case to the trier of fact. However, the Florida Supreme Court reversed the Fourth District Court of Appeal's decision in Gilliam, stating:
"We do not agree that, especially under the facts of this case, there is any valid justification to recede from the long standing decisions of this Court in this area. There may be circumstances under which one may recover for emotional or mental injuries, as when there has been a physical impact or when they are produced as a result of a deliberate and calculated act performed with the intention of producing such an injury by one knowing that such act would probably  and most likely  produce such an injury, but those are not the facts in this case." Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974).
In considering the rule previously, the Supreme Court, in Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950), said:
"... we do not feel constrained to extend this rule to cases founded purely *1063 in tort, where the wrongful act is such as to reasonably imply malice, or where, from the entire want of care of attention to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages."
While the impact rule is not so stringently applied as to thwart recovery in all cases in which mental anguish is unconnected with physical injury, the case sub judice is not such a case. It does not involve the exceptions set forth in Kirksey or Gilliam. Compare also Dowling v. Blue Cross of Florida, 338 So.2d 88 (Fla. 1 DCA 1976). The trial court correctly applied the long recognized impact rule to the facts of this case and did not err in dismissing Counts III and IV of appellant's complaint.
We have considered appellant's remaining point and find it to be without merit.
AFFIRMED.
MILLS and ERVIN, JJ., concur.