397 So.2d 348 (1981)
Phillip Guy SELFE and Brenda Selfe, Appellants,
v.
J. Orson SMITH, Jr., David Willis Smith and the Hartford Accident & Indemnity Co., Appellees.
No. UU-238.
District Court of Appeal of Florida, First District.
April 8, 1981.
Rehearing Denied May 11, 1981.
*349 L. Ralph Smith, Jr., of Peeples, Earl, Smith, Moore & Blank, P.A., Tallahassee, for appellants.
A. Russell Bobo, David W. Spicer and Douglas P. Jones, of McFarlain, Bobo, Sternstein, Wiley & Cassedy, P.A., Tallahassee, for appellees.
ROBERT P. SMITH, Jr., Judge.
The principal issue presented by the appeal is whether appellant Mrs. Selfe, who was injured simultaneously with her infant son in the impact of a motor vehicle collision, may recover for her mental distress over her child's permanent facial injury. We hold that she may not recover, and that the trial court correctly excluded proof of such damages. On defendants' cross-appeal the issue is whether the defendants, admittedly liable to the Selfe infant for the negligent operation of defendants' vehicle, were entitled to plead entitlement to contribution from the child's parents because they negligently failed "to secure, restrain or otherwise protect the infant" from the foreseeable risks of a traffic accident, by installing and strapping the child in a harness or other restraint device. Again we affirm the trial court, holding that the contribution claim so predicated was properly dismissed.
Appellants and their 16-month old son Joshua were front-seat occupants of the family pickup truck, driven by appellant Phillip Selfe, when it was struck head-on by appellees' truck. The child, who was lying unrestrained on the seat between his parents, was thrown forward by the sudden braking or by the impact, and he sustained a "crushing, cutting type of injury" inflicted by glass.[1] Liability was admitted, and the jury returned verdicts for Phillip and Brenda Selfe in the amounts of $5,000 and $10,000 and for Joshua in the amount of $135,000. The trial court admitted evidence of Brenda's emotional trauma due to the collision and her own injury, but insofar as possible excluded narrative testimony describing her anguish in seeing Joshua cut and bloodied at the scene and her later suffering due to Joshua's scarring and emotional changes.[2] The trial court previously had dismissed defendants' counterclaim which, in respect to the child's claim, sought contribution from the appellant parents for their alleged negligence in attending the child.
*350 As a predicate for recovering all damages allegedly caused her by appellees' negligence, including her suffering on account of injuries to the child, Brenda Selfe urges that the rule requiring physical impact to plaintiff as a condition of compensating plaintiff for mental anguish is satisfied by the impact and minor physical injury that Brenda Selfe herself sustained. But satisfying the "impact rule"  which is defended as verifying otherwise problematic injuries, or as drawing a needed if somewhat arbitrary line between compensable injuries and those that society requires be borne unrecompensed[3]  until now has gained plaintiff damages for only that mental distress which is due to plaintiff's own injury, or to the traumatic event considered in relation to plaintiff alone. E.g., Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974); Herlong Aviation, Inc. v. Johnson, 291 So.2d 603 (Fla. 1974); Woodman v. Dever, 367 So.2d 1061 (Fla. 1st DCA 1979); Ellington v. United States, 404 F. Supp. 1165 (M.D.Fla. 1975). That fact, coupled with the principle that a parent's recovery for injury to his child is limited to pecuniary losses of services, earnings, and medical expenses,[4] persuades us that in the present condition of Florida case law, notwithstanding her physical injury by the same impact, Brenda Selfe may not recover for her anguish, as such, resulting from the child's injury.
Nor did the trial court err in dismissing appellees' counterclaim against the appellant parents for contribution toward damages payable to the child. Recent decisions in the Third and Fifth Districts held, no doubt properly so, that Shor v. Paoli, 353 So.2d 825 (Fla. 1977), permits a contribution action against the parent whose negligence contributes to his child's injury. Quest v. Joseph, 392 So.2d 256 (Fla. 3d DCA 1981); Withrow v. Woods, 386 So.2d 607 (Fla. 5th DCA 1980). Those courts so held even though they consider that a child cannot sue his parent for negligence. Contra, Ard v. Ard, 395 So.2d 586 (Fla. 1st DCA 1981). We therefore agree with Quest's holding that the negligent owner-driver of the car that struck a child in the street may claim parental contribution toward the damages assessed, on account of a parent's negligent supervision contributing to the child's injury. Nevertheless, for contribution purposes, we hold as a matter of law that a parent's "duty" to supervise and protect his child, actionable if neglected, does not require the parent to buy, install, and make ready for use, in the family vehicle, a child restraint device. Reserving the question of whether a case for the jury would be presented if the parent present in the car failed to buckle his child in a restraint device already installed, we hold that no contribution claim can be made for the parent's failure to provide the device.
The contribution counterclaim in this case may be considered inadequate in its generality, because its allegations that the elder Selfes negligently failed "to secure, restrain or otherwise protect the infant" do not descend to the particulars of how the parents could and should have protected their child from the risk of being thrown forward into the dash or windshield, supra n. 1. Plainly, appellees choose not to confront the causation-in-fact problems that would arise from their contending that Mrs. Selfe's negligence was simply her failure to hold Joshua on her lap, and that doing so would have prevented his injury. Rather, appellees treat their pleading as alleging, or as amendable to allege, the Selfes' specific failure to provide and strap Joshua into a harness or other child restraint device. The issue as so presented by appellees stands in the long shadow of Brown v. Kendrick, 192 So.2d 49 (Fla. 1st DCA 1966).
In Brown, this court held that a teenage passenger's failure to latch her seat belt in a moving automobile could not be considered *351 contributory negligence barring her recovery against the negligent operator of a colliding vehicle. That view is the position of courts in a substantial majority of states that bar recovery on account of contributory negligence,[5] and it is the less decisive majority position among the comparative negligence states,[6] with whom Florida became aligned after Brown was decided. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). In any event, such authority as exists for the seat belt defense seems limited to cases in which a seat belt is in fact installed and available for use at the time of the collision. See Note, Reallocating the Risk of Loss in Automobile Accidents by Means of Mandatory Seat Belt Use Legislation, 52 So.Cal.L. Rev. 91, 99 (1978) ("Recognizing the efficacy of seat belts in reducing injuries in automobile accidents, courts in a small but growing number of jurisdictions [naming California, Illinois, Indiana, Mississippi, New York, Pennsylvania, South Carolina, and Wisconsin] have allowed the presentation of evidence relating to plaintiff's nonuse of an available belt").
While there is fragmentary authority for mitigating or apportioning damages based on a parent's failure to fasten his child's automotive restraint device, see Latta v. Siefke, 60 A.D.2d 991, 992, 401 N.Y.S.2d 937, 938 (App.Div. 4th Dept. 1978), citing Spier v. Barker, 35 N.Y.2d 444, 323 N.E.2d 164, 363 N.Y.S.2d 916 (1974), we have read no authoritative suggestion that a parent's duty to anticipate and protect his infant passenger against the negligence of other drivers extends beyond buckling an available restraint device and encompasses an earlier duty to buy and install such a device. We do not doubt the proposition that the Selfes' failure to buy, install, and use a child restraint device in their pickup was arguably among the causes-in-fact contributing to Joshua's facial injuries.[7] But we simply decline to recognize in the common law (there being no statutory obligation) an asserted duty of parents, the predicate for a potential contribution claim, to install child restraint devices in their vehicles. We hold that a jury cannot lawfully impose contribution liability on the parent, in favor of the collision-producing tortfeasor, for such an omission.
Having thus rejected a contribution claim which depends on a nonexistent antecedent duty in parents to buy and install a child restraint device, we need not advance the conventional, if troublesomely unconvincing, arguments against reducing the damages to be awarded in a comparative negligence state to one whose injury was more serious because he did not buckle an available seat belt. See Amend v. Bell, 89 Wash.2d 124, 570 P.2d 138, 95 A.L.R.3d 225 (1977).[8] See Note, Self-Protective Safety Devices: An Economic Analysis, 40 U.Chi. *352 L.Rev. 421, 438-39 (1973);[9] W. Prosser, Law of Torts § 65, at 423-24 (4th ed. 1971).[10]
Thus we affirm the judgment of the trial court denying Mrs. Selfe recovery for her mental distress associated with Joshua's injury and denying appellees contribution by the allegedly negligent parents. We have also considered the Selfes' contention that the verdicts for their damages, as distinguished from Joshua's damages, are inadequate; we find the verdicts are supported by law and by substantial competent evidence.
AFFIRMED.
THOMPSON, J., and WOODIE A. LILES (Retired), Associate Judge, concur.
NOTES
[1] The treating physician so described Joshua's injury. The exact mechanics of the child's injury are somewhat obscure in the record, due no doubt to difficulty in reconstructing what the child hit, or what hit the child, and to counsel's restraint in adducing available evidence when the court excluded proof on those issues by dismissing the counterclaim, citing Brown v. Kendrick, 192 So.2d 49 (Fla. 1st DCA 1966). The counterclaim was dismissed as insufficient and unamendable, so in discussing the counterclaim issue we resort as necessary to the evidence and inferences that might have given it greater specificity, avoiding the objection that the issue is presented here too abstractly. See Quinn v. Millard, 358 So.2d 1378, 1385 (Fla. 3d DCA 1978).
[2] Obviously, on the child's claim, the trial court did not prevent the mother from describing the effects on the child of his injury, treatment, and residual scarring; nor did the court attempt to coerce the distraught mother into reporting those matters like a disinterested newscaster. The jury presumably compensated Joshua for his "loss of capacity for the enjoyment of life" as reflected in his mother's testimony. Fla.Std. Jury Instr. 6.2a.
[3] The history and rationale of the impact rule are ably stated in the majority and dissenting district court opinions in Stewart v. Gilliam, 271 So.2d 466, 477 (Fla. 4th DCA 1972), rev'd, 291 So.2d 593 (Fla. 1974).
[4] Youngblood v. Taylor, 89 So.2d 503 (Fla. 1956); Brown v. Caldwell, 389 So.2d 287 (Fla. 1st DCA 1980); City Stores Co. v. Langer, 308 So.2d 621 (Fla. 3d DCA 1975), dism., 312 So.2d 758 (Fla. 1975).
[5] Annot., 92 A.L.R.3d 9 (1979) (nonuse of seat belt as contributory negligence in states barring recovery for contributory negligence).
[6] Annot., 95 A.L.R.3d 239 (1979) (nonuse of seat belt as comparative negligence); see also Annot., 80 A.L.R.3d 1033 (1977) (nonuse of seatbelt as failure to mitigate damages).
[7] See Note, Tests of Causation and the Florida Jury Instructions  The Current Conflict and the Need for a Change, 32 U.Fla.L.Rev. 308, 310-11 (1980):

Under the rubric of cause in fact, attention is directed to the simple question of what happened and whether the defendant's conduct produced the injury. This is a factual question for the jury. The second concept, proximate cause, deals with a more complex question: assuming that the defendant's conduct did result in the injury, whether the law should attach any legal consequences to the defendant's conduct. This inquiry, being a question of responsibility or remoteness, involves both law and policy. It is thus a question for the trial court.
[8] The four principal reasons for denying the seat belt defense were comprehensively stated by the Washington court in Amend: (1) plaintiff need not predict the defendant's negligence or anticipate an accident; (2) seat belts are not required in all vehicles, and defendant shouldn't be permitted to take advantage of the fact that they were installed in plaintiff's vehicle; (3) most people don't use seat belts, so a jury shouldn't be permitted to find that they should; and (4) allowing a seat belt defense will produce "a veritable battle of experts" on the causation question, and speculative verdicts. 89 Wash.2d at 153, 570 So.2d at 143.
[9] Concerning the fundamental issue of whether plaintiff should have anticipated the possibility of defendant's negligence and the resulting accident, the student author convincingly states:

The invocation in seat belt cases of the right to assume due care by others is also a superficial reading of precedent. This right exists only "in the absence of notice or knowledge to the contrary." Automobile drivers are now constantly "on notice" concerning the possibility of an accident and should be held responsible for such knowledge.
Since 1967, Florida Standard Jury Instructions in Civil Cases has recommended "that no charge be given to the effect that a person may assume that others will use reasonable care," that being a question for the jury to determine in light of all the circumstances. Id. at 4.7. Obviously, the manufacturer's duty to make a vehicle reasonably crashworthy is based substantially on a duty to anticipate someone's negligence. See Nicolodi v. Harley Davidson Motor Co., Inc., 370 So.2d 68 (Fla. 2d DCA 1979).
[10] Prosser calls attention to decisions, of which this court's Brown v. Kendrick is an exemplar, recognizing as causative that contributory negligence which contributes to producing the injury-event, but not that species of negligence which "played no part in bringing about an impact or accident, but ... aggravated the ensuing damages." W. Prosser, supra, at 423. Thus Brown held, 192 So.2d at 51: "Certainly, ... the plaintiff's failure to fasten her seat belt was not such negligence as to contribute to the occurrence of the accident." Prosser suggests, at 424, that the principle of these decisions be retranslated from that of contributory negligence to that of avoidable consequences:

[T]he doctrines of contributory negligence and avoidable consequences are in reality the same, and .. . the distinction which exists is rather one between damages which are capable of assignment to separate causes, and damages which are not.
This distinction might be critical in the case before us had we found that the parents arguably had an antecedent duty, actionable in a contribution claim for its neglect, to install a child restraint device in the pickup. Without basis in the record, appellees suggest that this was a slow-speed collision. That, if true, would lend credence to appellees' claim that Joshua would not have been injured at all had he been secured in the seat. Such allegations and proof would bring this case a step closer to, though not yet on all fours with, Florida precedents recognizing parental supervisory negligence which contributes to the injuryevent itself. Parental supervisory negligence exposing a helpless child to foreseeable risks, including the negligence of others, is thus recognized as causally significant, operating as the only proximate cause to bar recovery, or as comparative negligence reducing recovery, or as concurring negligence actionable in a contribution claim by the "other" tortfeasor. Winner v. Sharp, 43 So.2d 634 (Fla. 1949); Quest, supra; 3-M Elec. Corp. v. Vigoa, 369 So.2d 405 (Fla. 3d DCA 1979), receded from by Quest; Alves v. Adler Built Indus., Inc., 366 So.2d 802 (Fla. 3d DCA 1979), cert. den., 378 So.2d 342 (Fla. 1979); Humphrey v. City of Homestead, 224 So.2d 739 (Fla. 3d DCA 1969), cert. den., 232 So.2d 178 (Fla. 1969); annot., 62 A.L.R.3d 541 (1975) (parental contributory negligence in allowing child to walk to school alone).