423 So.2d 915 (1982)
NATIONAL CAR RENTAL SYSTEM, INC., and Travelers Indemnity Co., Appellants,
v.
Marvin BOSTIC, Appellee.
No. 81-2130.
District Court of Appeal of Florida, Third District.
October 26, 1982.
Rehearing Denied January 12, 1983.
Adams, Ward, Hunter, Angones & Adams and John McClure, Miami, for appellants.
Kaplan, Sicking, Hessen, Sugarman, Rosenthal & DeCastro; Joel V. Lumer, Miami, for appellee.
Before HENDRY and DANIEL S. PEARSON, JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
*916 MELVIN, WOODROW M. (Ret.), Associate Judge.
The case sub judice arose out of an automobile accident wherein an automobile [owned by the defendant, National Car Rental System, Inc., and insured by the defendant, Travelers Indemnity Company] while being driven by one Laverne Jackson, crossed the centerline of the road and crashed head-on with Marvin Bostic's vehicle which was being driven in the opposite direction. Marvin Bostic suffered fractured ribs, a contused lung and a cervical and low back sprain as a result of the accident. His mother, a passenger in Bostic's vehicle, died at the scene as a result of her injuries. When the impact occurred, Bostic lost consciousness for 3 or 4 minutes. Upon awakening he heard his mother moaning and saw her bleeding face. She asked Bostic to render her assistance which Bostic was unable to do because of the nature of his own injuries. Despite her pleas he could do nothing to comfort her, prior to her death. Bostic's physical injuries healed leaving a minimal disability of about 5%. However, he suffered, and still suffers, a severe emotional problem stemming from his inability to do anything to help or save his mother. As a result thereof, Bostic filed suit against Jackson, National Car Rental System, Inc., and Travelers Indemnity Company seeking damages for both his physical and psychological injuries. Prior to trial the defendants moved to exclude from the jury, evidence relating to Bostic's emotional disturbance caused by being present and witnessing his mother's death at the scene and to prevent pictures of the deceased from being introduced into evidence. The motion was denied. National and Travelers also moved to amend their answer to file an additional affirmative defense of non-liability alleging that subsequent to filing their answer they found out that one John Spaulding [the person who originally rented the car] had obtained the car by fraudulent means [to wit: an altered credit card] and the car was in fact a stolen vehicle which was being driven without valid consent. That motion was also denied. At the beginning of the trial National and Travelers unsuccessfully renewed both of these motions. The cause proceeded to trial. At the conclusion of the second day the trial judge in excusing the jury stated:
"This is a very serious case. I think tomorrow we can wrap it up as early as possible."
The following morning National moved for a mistrial on the basis of the judge's statement and on the basis that the evidence relating to the emotional sufferings of Bostic and the photographs of Bostic's mother were prejudicial to its cause and should not have been admitted. The motion was denied. At the conclusion of all the evidence, the trial court granted Bostic's motion for directed verdict as to negligence; proof of consent to operate National's car; and the issue of compliance with the minimal requirements of the Florida No-Fault Statute. Closing argument followed at which counsel for Bostic made the following comments:
Now, that is just physically. They are all trying to sell you a bill of goods. While the executives at Travelers, none of whom you see here, sit in their ivory towers, puffing on their cigars in their multimillion dollar buildings, they say, "Just let them try it."
MR. McCLURE: Objection. It is inflammatory.
THE COURT: Overruled.
MR. HESSEN: "Bring them all the way. If they give it to him, we'll pay it."
I submit to you they should pay it. They should pay every penny of it. They should. God knows, they should.
Compare the horror. He gets up here, their hired gun, their man.
I would just say to Mr. McClure  and I say, "If the shoe is on the other foot, would you wear it?"
Thereupon the plaintiff rested, the jury was charged and a verdict was returned in Bostic's favor in the amount of $180,000.00. This appeal is taken from the judgment entered pursuant to that verdict.
*917 The appellants, National Car Rental System, Inc. and Travelers Indemnity Company have raised four points on appeal. First, they contend it was error to allow the plaintiff to present testimony of his emotional pain and suffering caused by his being present when his mother was killed in the accident when said evidence was inadmissible under the impact rule enunciated in Selfe v. Smith, 397 So.2d 348 (Fla. 1st DCA 1981); and Stewart v. Gilliam, 271 So.2d 466 (Fla. 4th DCA 1972). Rev. 291 So.2d 593 (Fla. 1974). We have no quarrel with the aforementioned impact rule; but rather find that the instant case falls clearly within that rule. The evidence showed that Bostic's emotional problem was caused by his inability to render aid and comfort to his mother because of the injuries and impact suffered by Bostic which had rendered him physically unable to come to her aid. Therefore, we find no error in permitting into evidence testimony of Bostic's mental pain and suffering caused by his being present when his mother was killed. See Gellert v. Eastern Airlines, Inc., 370 So.2d 802 (Fla. 3d DCA 1979); Gilliam v. Stewart, 291 So.2d 593.
Secondly the appellants contend the trial court erred in refusing to allow them to amend their affirmative defenses prior to trial and to assert at trial the defense of lack of consent to drive the car. We find this point to be without merit. See Tillman Chevrolet Company v. Moore, 175 So.2d 794 (Fla. 1st DCA 1965); Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla. 1959).
The appellants in their third point challenge the propriety of directing a verdict in favor of Bostic on the issues of liability, comparative negligence and no-fault threshold. Where the evidence is not in conflict and there is no evidence adduced that could in law support a verdict for the non-moving party the trial court can and should direct a verdict in favor of the movant. Whetzel v. Metropolitan Life Insurance Company, 266 So.2d 89 (Fla. 4th DCA 1972); Garris v. Robeison, 146 So.2d 388 (Fla. 2d DCA 1962). A review of the properly admitted and unrebutted testimony resolves, beyond any question of a doubt, the issues of liability and no-fault threshold in favor of Bostic. Therefore, the trial court was correct in entering the directed verdict as to these issues. The issue of comparative negligence was also properly determined in Bostic's favor. See Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978).
Finally, the appellants allege prejudicial error based upon the comment of the trial judge to the jury pertaining to the importance of the case and the comments of Bostic's counsel made at the conclusion of his closing argument. While we find no merit in the allegation as to the judge's comment, we do find that the comments of counsel during closing argument constituted an erroneous "golden rule" argument. Whether through overzealousness or otherwise, Bostic's counsel in his argument regarding the conduct of executives of Travelers was bordering upon an appeal to the passions or prejudice of the jury. This comment standing alone may or may not constitute reversible error, which we do not herein decide, but, when he stated, "... and I say, If the shoe is on the other foot, would you wear it?", he stepped across the line improperly invoking the proposition of the jury putting themselves in the place of the plaintiff. To do so constituted reversible error. See Klein v. Herring, 347 So.2d 681 (Fla.3d DCA 1977); Magid v. Mozo, 135 So.2d 772 (Fla. 1st DCA 1962); Bullock v. Branch, 130 So.2d 74 (Fla. 1st DCA 1961).
In view of the foregoing, we affirm the trial court's orders denying the appellant's motion to exclude testimony relating to emotional disturbance caused by being present and witnessing his mother's death and the motion to add an affirmative defense. We also affirm the order granting Bostic's motion for directed verdict on the issues of liability, comparative negligence and the no-fault threshold. However, we reverse the judgment appealed for violation of the "golden rule" argument and remand the cause for a new trial on the issue of damages only.
Affirmed in part, reversed in part and remanded with directions.
*918 DANIEL S. PEARSON, Judge, concurring specially.
Because Mr. Bostic's mental distress can be said to have been caused by his own injury which rendered him unable to respond to his mother's cry for help, we are able in this case to avoid the impact of the impact rule which otherwise would have prevented Bostic from recovering damages for his emotional scars caused by watching his mother die beside him in the car. Since the impact rule does not bar recovery under the facts of this case, I see no need for the majority to express the view that "we have no quarrel with the aforementioned impact rule." But because the majority by this dicta endorses the impact rule, I am impelled, although recognizing that I am bound to follow the rule, see Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974), to state my view that I do have a quarrel with it. I think that the reasons for the rule have been thoroughly repudiated and that the rule should be abolished and replaced, as it has been in other jurisdictions, by some more enlightened rule. See, e.g., Culbert v. Sampson's Supermarket, Inc., Me., 444 A.2d 433 (1982); Barnhill v. Davis, 300 N.W.2d 104 (Iowa 1981); Portee v. Jaffee, 84 N.J. 88, 417 A.2d 521 (1980); Keck v. Jackson, 122 Ariz. 114, 593 P.2d 668 (1979); Sinn v. Burd, 486 Pa. 146, 404 A.2d 672 (1979); Corso v. Merrill, 119 N.H. 647, 406 A.2d 300 (1979); Dziokonski v. Babineau, 375 Mass. 555, 380 N.E.2d 1295 (1978); Landreth v. Reed, 570 S.W.2d 486 (Tex.Civ.App. 1978); Hunsley v. Giard, 87 Wash.2d 424, 553 P.2d 1096 (1976); D'Ambra v. United States, 114 R.I. 643, 338 A.2d 524 (1975); Leong v. Takasaki, 55 Hawaii 398, 520 P.2d 758 (1974); Toms v. McConnell, 45 Mich. App. 647, 207 N.W.2d 140 (1973); D'Amicol v. Alvarez Shipping Co., Inc., 31 Conn. Supp. 164, 326 A.2d 129 (1973); Whetham v. Bismarck Hospital, 197 N.W.2d 678 (N.D. 1972); Dillon v. Legg, 68 Cal.2d 728, 69 Cal. Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316 (1968); Resavage v. Davies, 199 Md. 479, 86 A.2d 879 (1952); Restatement (Second) of Torts §§ 313, 436. I heartily concur in the remainder of the majority opinion.