446 So.2d 200 (1984)
Maria Luisa RIVERA, Appellant,
v.
RANDLE EASTERN AMBULANCE SERVICE, INC., Hugh Randolph Caines, Jr., and Fidelity and Casualty of New York, Appellees.
No. 82-2548.
District Court of Appeal of Florida, Third District.
February 21, 1984.
Rehearing Denied March 28, 1984.
*201 Albert P. Rosillo and David I. Schlosberg, Miami, for appellant.
Gerald E. Rosser, Miami, for appellees.
Before HENDRY, HUBBART and JORGENSON, JJ.
JORGENSON, Judge.
Maria Rivera and the estate of Juan Rivera, her late husband, filed an action against Randle Eastern Ambulance Service seeking damages for the wrongful death of Juan and for the personal injuries suffered by Maria as a result of Randle Eastern's alleged negligence. The wrongful death claim was settled and the case proceeded to trial on Maria's personal injury claim which, in large part, was based upon a theory of mental distress. At the close of all the evidence the trial court granted Randle Eastern's motion for a directed verdict. For the reasons which follow we reverse and remand for further proceedings consistent with the views expressed herein.
Mr. and Mrs. Rivera were seated on a bus bench waiting for the next bus when a Randle Eastern ambulance ran a red light, collided with another vehicle, careened across the intersection and smashed into the bus bench, shattering it. The impact threw Mrs. Rivera backwards, injuring her head. As Mr. Rivera lay pinned beneath the ambulance, bleeding profusely, Mrs. Rivera screamed for someone to come to his aid. Mr. Rivera died a short time later at Jackson Memorial Hospital.
The trial court, relying on Selfe v. Smith, 397 So.2d 348 (Fla. 1st DCA), review denied mem., 407 So.2d 1005 (Fla. 1981), directed a verdict in favor of Randle Eastern because of
the lack of sufficient medical evidence or sufficient legal evidence to go to the jury to determine a jury verdict on the issue of whether Maria Luisa Rivera's mental injuries were due to her own experience by being involved in the accident or if such injuries were the result of seeing her husband lying there (at the scene of the accident) bleeding to death.
We believe that this case is controlled not by Selfe but by National Car Rental Systems v. Bostic, 423 So.2d 915 (Fla. 3d DCA 1982). In Bostic, a case involving a plaintiff who was injured in an automobile accident in which his mother was killed, this court held that it was not error for the fact finder to receive evidence regarding the emotional pain and suffering felt by the plaintiff when his mother was killed in his presence. See id. at 917. The court in Selfe limited the plaintiff's recovery to mental distress caused by the plaintiff's own injury or by the traumatic event considered in relation to the plaintiff alone. See Selfe at 350. To the extent that Selfe and Bostic cannot be harmonized we reject Selfe and adhere to Bostic.
Viewing, as we must, the evidence in a light most favorable to the party against whom the verdict is directed, and this state's inexplicable affinity with the impact *202 rule having been satisfied,[1] we conclude that Mrs. Rivera is entitled to a jury determination as to whether she may be compensated for her mental pain and suffering. See Bostic.
Reversed and remanded for further consistent proceedings.
NOTES
[1] We agree with Judge Pearson's special concurrence in Bostic, particularly his statement "that the reasons for the [impact] rule have been thoroughly repudiated and that the rule should be abolished and replaced, as it has been in other jurisdictions, by some more enlightened rule," id. at 918 (citations omitted).