476 So.2d 1267 (1985)
VOLKSWAGEN OF AMERICA, INC., Petitioner,
v.
Walter Leighton LONG, et ux., Respondents.
No. 64785.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied November 13, 1985.
*1268 J. Richard Caldwell, Jr., Dennis J. Wall and Michael R. Levin of Rumberger, Kirk, Caldwell, Cabaniss and Burke, Orlando, George N. Meros, Jr. of Carlton, Fields, Ward, Emmanuel, Smith and Cutler, Tallahassee, and Michael Hoenig and Myron Shapiro of Herzfeld and Rubin, New York City, for petitioner.
S. Perry Penland of Penland, Penland, Pafford and Jones, Jacksonville, for respondents.
OVERTON, Justice.
This is a petition to review Volkswagen of America, Inc. v. Long, 444 So.2d 1084 (Fla. 1st DCA 1984), in which the First District Court of Appeal held that the trial court properly excluded expert testimony regarding the causal connection between Walter Long's failure to wear his seat belt and the injuries he suffered when a tire on the Volkswagen Beetle in which he was riding had a blowout and the vehicle struck a guardrail and rolled over. In so ruling, the district court relied upon the decisions of the Fourth District Court of Appeal in Lafferty v. Allstate Insurance Co., 425 So.2d 1147 (Fla. 4th DCA 1982), and Insurance Company of North America v. Pasakarnis, 425 So.2d 1141 (Fla. 4th DCA 1982), in which the Fourth District Court held that evidence concerning the failure to wear seat belts is inadmissible either as a defense to liability or as a limitation of liability. This Court subsequently quashed those decisions in Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984), and Allstate Insurance Co. v. Lafferty, 451 So.2d 446 (Fla. 1984).[*] For the reasons expressed, we approve the result reached by the district court in the instant case.
The respondent Walter Long was a passenger in the Volkswagen Beetle, which was being driven by his wife at the time of the accident. The Longs claimed damages based on negligent design, breach of implied warranty of fitness for a particular purpose, strict liability, and the vehicle's crashworthiness. In its answer to the complaint, Volkswagen asserted the following as affirmative defenses:
6. That at the time and place complained of, Plaintiff, WALTER LEIGHTON LONG, or Plaintiff, FLORENCE LONG, or both of them so carelessly and negligently conducted themselves in the operation of the motor vehicle referred to in the Second Amended Complaint, or otherwise, as to proximately cause or contribute to the accident and injuries complained of, thus barring or reducing proportionately all claims for damages against this defendant on the part of plaintiffs.
7. That if any defect existed in the 1974 Volkswagen automobile referred to in the Second Amended Complaint, the condition of said automobile was not the same as it was when the automobile left the custody and control of Defendant, substantial changes or alterations having been made, which changes or alterations were the proximate cause of the defective condition, if any, in the 1974 Volkswagen automobile referred to in the Amended Complaint, thus barring or reducing proportionately all claims for damages against this defendant.
During the trial, Volkswagen presented evidence, without objection, that Long was not wearing a seat belt when the accident occurred and then attempted to introduce testimony of a crash safety expert regarding the causal connection between Long's failure to use his seat belt and his injuries. The trial court, relying upon the Fourth District Court's decisions in Lafferty and Pasakarnis, denied admission of the expert's testimony. The cause was then submitted to the jury on the issues of negligence, breach of warranty, and strict liability. *1269 It was argued that the design of the steering mechanism caused the 1974 Volkswagen Beetle to understeer and oversteer and that this design defect, coupled with the vehicle's tendency to roll over, adversely affected the vehicle's maneuverability during emergency situations and resulted in the injury to Long. The crashworthiness of the interior of the automobile was not submitted to the jury in this cause. The jury returned a verdict in favor of the Longs.
In our recent Pasakarnis decision, we held that
evidence of failure to wear an available and fully operational seat belt may be considered by the jury in assessing a plaintiff's damages where the "seat belt defense" is pled and it is shown by competent evidence that failure to use the seat belt produced or contributed substantially to producing at least a portion of the damages.
451 So.2d at 449 (emphasis added). See also Protective Casualty Insurance Co. v. Killane, 459 So.2d 1037 (Fla. 1984). The record clearly reflects that the seat belt issue was not specifically asserted as a defense either in the pleadings or by pretrial motions. We reject the argument by Volkswagen that an allegation of comparative negligence by implication includes the seat belt defense. Further, we need not address Volkswagen's assertion that the seat belt defense need not be specifically pled when the crashworthiness of the interior of the vehicle is at issue because that issue was not submitted to the jury in this cause.
Accordingly, we approve the result of the decision of the district court.
It is so ordered.
ADKINS, ALDERMAN and SHAW, JJ., concur.
EHRLICH, J., dissents with an opinion, in which BOYD, C.J. and McDONALD, J., concur.
EHRLICH, Justice, dissenting.
The majority looks only at Volkswagen's answer to the complaint and evaluates it out of temporal and procedural context to hold that Volkswagen had waived the seat-belt defense. I disagree; I believe Volkswagen was sandbagged.
The complaint filed against Volkswagen alleged, in addition to the understeer/oversteer defect, design defects which rendered the interior of the car uncrashworthy. At the time the suit was filed, the First District had, in Selfe v. Smith, 397 So.2d 348 (Fla. 1st DCA 1981), signaled a possible willingness to revisit the seat-belt defense. The leading case denying the defense was, at that time, the First District's Brown v. Kendrick, 192 So.2d 49 (Fla. 1st DCA 1966), but in Selfe, the First District stated:
In Brown, this court held that a teenager passenger's failure to latch her seat belt in a moving automobile could not be considered contributory negligence barring her recovery against the negligent operator of a coliding vehicle. That view is the position of courts in a substantial majority of states that bar recovery on account of contributory negligence, and it is the less decisive majority position among the comparative negligence states, with whom Florida became alligned after Brown was decided. In any event, such authority as exists for the seat belt defense seems limited to cases in which a seat belt is in fact installed and available for use at the time of the collision.
397 So.2d at 350-51 (footnotes, citations omitted). After holding that parents of an injured minor could not be found to have contributed to the child's injury by failing to provide and use a child restraint device, the court commented, "[T]hus ... we need not advance the conventional if troublesomely unconvincing, arguments against reducing the damages to be awarded in a comparative negligence state to one whose injury was more serious because he did not buckle an available seat belt." 397 So.2d at 351.
*1270 Thus, when Volkswagen filed its answer, the seat belt defense was considered a species of comparative negligence and there was no procedural requirement that Volkswagen specifically plead it. Volkswagen did affirmatively plead comparative negligence and throughout discovery developed evidence pertaining to the potential seat-belt defense. The issue of the admissibility of the defense was submitted to the court at least three months before trial, but the court did not rule until after trial commenced.
During plaintiff's case in chief, Volkswagen elicited, without objection, evidence that the seat belts were not used at the time of the accident. At the close of plaintiff's case, during a discussion of requested jury instructions, the court noted that it was inclined to give a seat belt instruction pending presentation of evidence of causation by the defendant.
Volkswagen's second witness was an expert who reconstructed the accident and testified as to the probable sequence of events during the accident. At the point in his testimony which would have raised the causation element of the seat belt defense, pursuant to a prior agreement by the parties, the court heard argument to resolve the seat belt defense issue. At that time, plaintiff relied solely on the Fourth District's opinions in Lafferty and Pasakarnis and on the First District's holding in Selfe. At no time did the plaintiff raise surprise, prejudice or untimely assertion of the defense as grounds for denying its admissibility. The trial court based its decision to deny admission of the seat belt evidence solely on the grounds that the cited cases foreclosed the seat belt defense as a matter of law. The court ruled that there would be "neither argument nor evidence with regard to the seat belt on the issue of negligence or damages."
Florida Rule of Civil Procedure 1.190(b) provides for amendment of pleadings to conform to evidence presented at trial. Because the presentation of evidence was foreclosed, there was no amendment possible, though Volkswagen did proffer the evidence after the ruling. The requirement that the seat-belt defense must be affirmatively pled was enunciated long after this trial was over. Volkswagen had no way of knowing the procedure for raising the defense would be changed. I do not feel that Volkswagen failed in any material way to raise the issue in a clear and timely fashion. Furthermore, Volkswagen's failure to expressly comply with the subsequently imposed pleading requirement may in all probability be charged to the trial court's reliance on the district court's decisions in Lafferty and Pasakarnis, which we quashed at the time we established that requirement. I believe Volkswagen is entitled to a new trial on liability only, neither party having questioned the propriety or the amount of the damages awarded.
I also am compelled to address another issue ignored by the majority. Plaintiff Walter Long was a passenger in a car driven and owned by his wife of three months. The jury found his negligence was the cause of thirty-five per cent of his damages. There was no competent and substantial evidence on the record which would support a finding of any negligence on his part except for the failure to wear a seat belt. I am not convinced that the jury, having been presented with evidence that he failed to buckle up, did not give Volkswagen the benefit of a common sense seat belt defense in spite of the court's prohibition of argument and evidence of causation and failure to give a jury instruction on the issue.
I further find incomprehensible the failure to award Mrs. Long any damages whatsoever on either her own claim or her derivative claim for loss of consortium. However, plaintiff's attorney admitted at oral argument that no appeal was taken on these issues, so we may not review them.
BOYD, C.J., and McDONALD, J., concur.
NOTES
[*] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.