447 So.2d 316 (1984)
PROTECTIVE CASUALTY INSURANCE COMPANY and Christopher Wehage, Appellants,
v.
Dennis KILLANE, Individually and As Guardian for Florence Killane, His Wife, Appellee.
No. 83-305.
District Court of Appeal of Florida, Fourth District.
February 15, 1984.
*317 Gerald E. Rosser, Miami, for appellants.
Edward M. Ricci of Ricci & Roberts, P.A., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellee Dennis Killane, individually and as guardian of Florence Killane, his wife, sued appellants Christopher Wehage and Protective Casualty Insurance Company for damages arising out of an automobile accident. From a jury verdict and judgment of $2,200,000 on behalf of Florence and $150,000 for Dennis, the appellants have perfected this appeal.
The primary question before this court is whether the trial judge erred in ruling that appellants could not assert a seat belt defense in mitigation of damages. A second question presented involves the admission into evidence of a "day in the life" video tape of Florence Killane, which, among other things, showed a collection of dolls that Florence made as a hobby and the family residence adorned with Christmas decorations.
After fully considering appellants' arguments relative to the second question, we hold no reversible error is demonstrated. The length of time spent on the two subjects mentioned was minimal. Oral evidence was adduced regarding the doll making hobby, and the Christmas decorations were simply incident to a pan shot of the interior of appellee's house that was taken to demonstrate the need for alterations to accommodate a wheelchair.
We further hold the trial judge was correct in rejecting the seat belt defense. Since his decision this court has aligned itself with those courts holding that the seat belt defense is not available to a defendant. Lafferty v. Allstate Insurance Co., 425 So.2d 1147 (Fla. 4th DCA 1982); Insurance Company of North America v. Pasakarnis, 425 So.2d 1141 (Fla. 4th DCA 1982). The seat belt question was certified to the Supreme Court of Florida in Lafferty.
Because the trial judge indicated that appellants' pleading was possibly inadequate, we have been asked to consider *318 that question. In their answer, appellants alleged that Florence herself was guilty of negligence proximately contributing to her alleged injuries, which bars her recovery in proportion to such negligence. Appellants contend that this was an adequate comparative negligence pleading to entitle them to introduce evidence that the injuries Florence received were caused by or substantially aggravated by her failure to have her seat belt buckled. The trial judge suggested more specifically pleading the failure to use available seat belts was a preferable manner of pleading the defense. We would not gainsay the trial judge's opinion  he is obviously correct. However, we hold that degree of specificity is not required and that the pleading set forth in appellants' answer was adequate to support the introduction of evidence on the question.
Accordingly, we affirm the judgment appealed from.
AFFIRMED.
BERANEK and WALDEN, JJ., concur.