451 So.2d 446 (1984)
ALLSTATE INSURANCE COMPANY, Bruno F. Cassens, and Ruth Steel Cassens, Petitioners,
v.
Lorraine Feitsma LAFFERTY a/K/a Lorraine Howard, Respondent.
No. 63251.
Supreme Court of Florida.
April 12, 1984.
Rehearing Denied July 10, 1984.
Bradford L. Jefferson of Brennan, McAliley, Hayskar, McAliley and Jefferson, Fort Pierce, for petitioners.
J. Michael Brennan of Brennan & Muschott, Fort Pierce, for respondent.
Kenneth L. Ryskamp of Goodwin, Ryskamp, Welcher & Carrier, Miami, for Florida Defense Lawyers Ass'n, amicus curiae.
Aubrey V. Kendall, P.A., and Edward T. O'Donnell of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for Motor Vehicle Mfrs. Ass'n of the U.S., Inc., amicus curiae.
Frederick C. Heidgerd, Fort Lauderdale, for Florida Safety Councils. Larry Klein, West Palm Beach, for The Academy of Fla. Trial Lawyers.
Joseph W. Little, Gainesville, interested party, amici curiae.
ALDERMAN, Chief Justice.
We review the decision of the District Court of Appeal, Fourth District, in Lafferty v. Allstate Insurance Co., 425 So.2d 1147 (Fla. 4th DCA 1982), wherein the district court certified the following question to us as being of great public importance:
Should Florida courts consider seat belt evidence as bearing on comparative negligence or mitigation of damages?
The Fourth District reversed the trial court and held inadmissible the expert testimony that plaintiff's facial and knee injuries would not have occurred if she had been wearing the shoulder and lap belts which were available in her automobile.
The identical question has been certified to us in Insurance Co. of North America v. Pasakarnis, 425 So.2d 1141 (Fla. 4th DCA 1982), which has been decided this same date. In Pasakarnis, we held that evidence of failure to wear an available and fully operational seat belt may be considered by the jury in assessing a plaintiff's damages where the "seat belt defense" is pled and it is shown by competent evidence that failure to use the seat belt *447 produced or contributed substantially to producing at least a portion of the damages.
Accordingly, the decision of the Fourth District is quashed on the authority of Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984), and this cause is remanded for further proceedings consistent therewith.
It is so ordered.
BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
SHAW, J., dissents with an opinion, in which ADKINS, J., concurs.
SHAW, Justice, dissenting.
I dissent for the reasons set forth in my dissent in the companion case, Insurance Co. of North America v. Pasakarnis, 451 So.2d 447 No. 63,312 (Fla. Apr. 12, 1984).
ADKINS, J., concurs.