459 So.2d 1037 (1984)
PROTECTIVE Casualty Insurance Company and Christopher Wehage, Petitioners,
v.
Dennis Killane, Individually and As Guardian for Florence Killane, His Wife, Respondent.
No. 64959.
Supreme Court of Florida.
November 29, 1984.
*1038 Gerald E. Rosser of Gerald E. Rosser, P.A., Miami, for petitioners.
Ricci & Roberts, P.A., and Larry Klein, West Palm Beach, for respondent.
ALDERMAN, Justice.
We review the decision of the District Court of Appeal, Fourth District, in Protective Casualty Insurance Co. v. Killane, 447 So.2d 316 (Fla. 4th DCA 1984), which expressly and directly conflicts with Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984), and Allstate Insurance Co. v. Lafferty, 451 So.2d 446 (Fla. 1984).
Relying on its decisions in Lafferty v. Allstate Insurance Co., 425 So.2d 1147 (Fla. 4th DCA 1982), and Insurance Company of North America v. Pasakarnis, 425 So.2d 1141 (Fla. 4th DCA 1982), the Fourth District, in the present case, held that the seat belt defense is not available to a defendant. Since the Fourth District's decision in the present case, we have quashed its decisions in Pasakarnis and Lafferty, and we have held that evidence of failure to wear an available and fully operational seat belt may be considered by the jury in assessing a plaintiff's damages where the "seat belt defense" is specifically pled and where it is shown by competent evidence that failure to use the seat belt produced or contributed substantially to producing at least a portion of the damages.
In the present case, the trial court ruled that petitioners could not introduce evidence on the seat belt because it was not specifically pled and the issue was not presented in the pretrial stipulation. The order of the trial court directing pretrial procedure required that all issues of law and fact for determination at trial be listed in the pretrial stipulation. The seat belt defense was not mentioned as a defense until the first day of trial.
The trial court correctly denied the proffer of evidence on the basis that it was not properly pled nor ever presented as an issue prior to trial. After hearing argument from both sides on this matter, the trial court explained:
[Speaking to plaintiff's counsel who objected to the proffer.] Well, I have indicated that my feeling on that is that you would be prejudiced to the extent that if you had desired to obtain an expert and now that the Jury has been sworn and we are into the last portion of the trial, it would be well nigh impossible for you probably to obtain one.
... .
[Speaking to defense counsel.] Let me suggest to you, Counsel, just for your own practice, at least as far as this division is concerned, if you ever have another case here and want to raise that issue, I think you could raise it, but you should raise it with specificity so everybody knows what is going on in that area.
The trial court's denial is consistent with our holdings in Pasakarnis and Lafferty. We disapprove the district court's finding that the pleading set forth in defendant's answer was adequate to support introduction of evidence on the question. The seat belt defense was not mentioned in the pleadings.
Accordingly, although we disapprove the rationale of the district court's decision as it relates to the seat belt issue, we approve the result of the district court's decision affirming the judgment of the trial court.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.