BASKIN, Judge.
Yesenia Gonzalez, as personal representative of the Estate of Andrew Perez, appeals a final summary judgment in defendants’ favor in a wrongful death action. We affirm.
Armando Valdes was alone in his home when he heard noises outside; he suspected burglars or prowlers. Three perpetrators had pried the lock to the security bars on Valdes’s sliding glass door and had pried the lock to the door itself with crowbars. Upon approaching the door, Valdes saw the three perpetrators and saw what he believed to be a weapon. Valdes discharged his pistol, killing Andrew Perez, one of the three burglars.
Perez’s estate filed a lawsuit against Valdes to recover damages for Perez’s wrongful death. Valdes filed a motion for summary judgment; the trial court granted the motion based on its finding that section 776.085, Florida Statutes (1998), creates a defense to the wrongful death action because plaintiffs decedent died during the attempted commission of a forcible felony. Plaintiff appeals.
We affirm the summary judgment. We hold that the trial court correctly concluded that section 776.085 bars plaintiffs recovery. Section 776.085(1) provides:
It shall be a defense to any action for damages for personal injury or wrongful death, or for injury to property, that such action arose from injury sustained by a participant during the commission or attempted commission of a forcible felony. The defense authorized by this section shall be established ... by a preponderance of the evidence.
Contrary to plaintiffs argument, the record supports the trial court’s finding that Perez was attempting to commit a forcible felony at the time Valdes discharged the weapon; the burglars had not repudiated the crime prior to the shooting.[1] Because no issues of fact remained unresolved in this case, the trial court properly entered summary judgment in defendants’ favor.
Affirmed.

. Perez's coconspirator testified as follows:
Q. While Andrew and Ray were working on the bars, what was the very next thing that you saw that alerted you to the fact that something was going wrong?
A. I saw the shades move. Someone had put their finger in there and opened the shades just a little bit.
[[Image here]]
Q. How quickly did this whole thing happen, from when you saw the blinds move to when you heard the shot?
A. “Within three seconds, I would say.”