947 So.2d 664 (2007)
George B. COPELAND, Appellant,
v.
ALBERTSON'S INC., CT Corporation System, Registered Agent in Florida for Albertson's, Inc., and Michael Flannigan, Daniel R. Yovack, Robert J. Hansen, James A. Golden, Robert S. Heslin, Stanley Gilbritch, Michael L. Clardy, and Jonathan C. Bronson, Appellees.
No. 2D05-2867.
District Court of Appeal of Florida, Second District.
January 26, 2007.
*665 George B. Copeland, pro se.
Cici Culpepper Berman of Fowler White Boggs Banker P.A., Tampa, for Appellees.
NORTHCUTT, Judge.
George Copeland sued Albertson's, Inc., and a number of its employees seeking compensation for injuries he suffered as a result of the defendants' alleged intentional torts and negligence. The circuit court entered summary judgment in favor of all the defendants. Copeland challenges that judgment, contending that he was not given sufficient notice of one of the defendants' two grounds. The defendants respond that even if that were true, the judgment was properly entered because the circuit court was right for the wrong reason. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla.1999). We review a summary judgment de novo. See Fayad v. Clarendon Nat'l Ins. Co., 899 So.2d 1082, 1085 (Fla. 2005). For several reasons, the summary judgment was erroneous as a matter of law. We reverse and remand for further proceedings.
The events that led to Copeland's lawsuit began when he entered an Albertson's grocery store and, brandishing a knife, robbed a clerk and fled the premises. When other employees were alerted to the robbery, they left the store to search for the robber and apprehend him. The employees caught Copeland in the parking lot of a discount store next to the Albertson's. What happened then is a matter of dispute. Essentially, the employees claim that Copeland threatened them with his knife and that they merely attempted to restrain him and protect themselves. Copeland maintains that the employees attacked him with shopping carts, jumped on him, and punched and kicked him. Everyone agrees that police officers arrived within several minutes and arrested Copeland.
Copeland was tried on a number of criminal charges stemming from the incident, and was convicted of armed robbery and aggravated assault. He then filed the civil lawsuit at issue here, claiming that the individual employees committed the intentional torts of assault and battery, and that Albertson's was negligent for various reasons, including the hiring and training of its employees. Eventually, the defendants moved for summary judgment. Their motion asserted that there was no evidence to support Copeland's causes of action. The defendants filed Copeland's deposition in which he stated that he was in an alcohol-induced blackout during the incident and could not recall anything about it. He could not point to any particular conduct that would support his claims nor could he specifically identify the batterers.
*666 In their memorandum in support of summary judgment, the defendants raised a completely different argument: they asserted that Copeland's claims were barred by section 776.085, Florida Statutes (2000). That statute provides a defense to a civil action for damages based on personal injury if the injury was sustained "by a participant during the commission or attempted commission of a forcible felony." The statutory defense is established "by evidence that the participant has been convicted of such forcible felony, or attempted forcible felony. . . ." § 776.085(1).
Neither the order granting summary judgment nor the final summary judgment itself stated the legal basis for the court's ruling. The defendants acknowledge that they argued that judgment was appropriate under section 776.085. Therefore, we will presume that the judgment was granted either on the ground asserted in the motion, lack of evidence, or on the basis of the statute, or both.
Insofar as the judgment was founded on the section 776.085 defense, it was procedurally defective in two respects. First, the defendants did not plead an affirmative defense based on the statute. A defendant cannot present evidence of a statutory defense unless that defense is pleaded. See Protective Cas. Ins. Co. v. Killane, 459 So.2d 1037, 1038 (Fla.1984) (holding that the trial court correctly denied a proffer on the statutory seat belt defense because it was not properly pleaded); Tobias v. Osorio, 681 So.2d 905, 908 (Fla. 4th DCA 1996) (stating that in order for a lounge serving alcohol to be entitled to a jury instruction on the statutory defense in section 562.11(1)(b), it must have raised the defense in a responsive pleading).
Moreover, even if the defendants had pleaded the defense, they did not mention it in their motion for summary judgment. Florida Rule of Civil Procedure 1.510 requires that a motion for summary judgment set forth the "substantial matters of law to be argued" and be served to the opposing party "at least 20 days before the time fixed for the hearing." This rule is intended to eliminate surprise and to give the parties "a full and fair opportunity to argue the issues." H.B. Adams Distrib. Inc. v. Admiral Air of Sarasota County, Inc., 805 So.2d 852, 854 (Fla. 2d DCA 2001). The defendants first alluded to this defense in their memorandum served on March 31, 2005, just five days before the summary judgment hearing noticed for April 4, 2005. Thus, the memorandum did not give Copeland timely notice that the statutory defense would be argued at the hearing or an opportunity to file any documents in opposition to that theory. We note that Copeland raised these issues in his motion for rehearing, which the court denied.
In an attempt to sidestep these procedural problems, the defendants argue that the summary judgment can be affirmed because it was right for the wrong reason. See WQBA, 731 So.2d at 644-45; Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) ("Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it."). The defendants posit that even if we accept Copeland's argument that the defense was improperly raised, we should affirm nevertheless because the statute is a total bar to his claims. They point to the fact that Copeland was convicted of two forcible felonies, armed robbery and aggravated assault, and that he was escaping the crime scene when he was allegedly battered. See § 776.085(1). Copeland's affidavit in opposition to the defendants' motion[1] *667 pointed out that he was acquitted of the aggravated battery charges concerning Michael Clardy and Jonathan Bronson, two of the employees who pursued him to the discount store parking lot and allegedly battered him with shopping carts. The robbery and assault convictions were based on Copeland's acts inside the Albertson's store.
The defendants, as the movants for summary judgment, bore the burden of proving conclusively that Copeland could not prevail. Hervey v. Alfonso, 650 So.2d 644, 645-46 (Fla. 2d DCA 1995). The evidence they presented in support of their motion consisted of Copeland's deposition, which did not in any way address the section 776.085 defense, and a copy of his criminal judgment. Because the section 776.085 defense is applicable only to injuries the plaintiff sustains in the "commission or attempted commission" of a forcible felony, Copeland's conviction for aggravated assault against the clerk inside the store did not support the defense. The conviction for robbery might support the defense, but at the time of the summary judgment the defendants had not submitted evidence that would prove this. Cf. Gonzalez v. Liberty Mut. Ins. Co., 634 So.2d 178, 179 (Fla. 3d DCA 1994) (noting the record supported the court's finding that the participant was attempting to commit a forcible felony when the victim shot him). Moreover, Copeland filed the transcript of defendant Robert Hansen's sworn testimony at Copeland's criminal trial, which cast doubt on the theory that the robbery conviction supported the section 776.085 defense. Hansen testified that during the pursuit, Copeland took a handful of money, threw it on the ground and screamed "there's your money, leave me alone." Thus, even though Copeland was unaware that the defendants would raise the section 776.085 argument, his filings in opposition to the motion actually raised a question of fact concerning the defense. See § 812.13(3)(a), Fla. Stat. (2000). Summary judgment is improper if the record reflects even the slightest possibility that a material issue of fact may exist. See Fatherly v. Cal. Fed. Bank FSB, 703 So.2d 1101, 1102 (Fla. 2d DCA 1997). Therefore, the summary judgment cannot be sustained based on the section 776.085 defense.
The defendants also contend that the summary judgment can be upheld based on the ground raised in their motion, i.e., that Copeland could not prove his case because he could not remember the incident. This assertion ignored the fact, established in Copeland's complaint, that there were numerous witnesses to this incident. Additionally, Copeland filed transcript excerpts from his criminal trial in which witnesses testified about the employees hitting Copeland. In any event, a summary judgment motion is not a proper vehicle for determining whether a plaintiff can actually prove his cause of action; rather it is designed to test whether the record conclusively shows that the claim cannot be proved as a matter of law. See Jennaro v. Bonita-Fort Myers Corp., 752 So.2d 82, 83 (Fla. 2d DCA 2000). Again, the defendants failed to meet their burden of proof on this ground for summary judgment and the judgment cannot be sustained on this theory.
*668 We reverse the summary judgment and remand for further proceedings. We note that under rule 1.190 a party may seek leave of court to amend its pleading. If on remand the defendants are permitted to amend their pleadings to assert the section 776.085 defense, Copeland may wish to review section 776.085(4), which provides penalties for a convicted and incarcerated party if the defense is proved.
Reversed and remanded.
SALCINES and KELLY, JJ., Concur.
NOTES
[1] Copeland's affidavit in opposition to the motion was served before the defendants' memorandum that asserted the section 776.085 defense. The defendants' motion stated that the acts giving rise to Copeland's claims in the civil suit "resulted in his conviction by jury of armed robbery and aggravated assault." The referenced portion of the affidavit addressed that assertion.