WOLF, J.
In this appeal of a final summary judgment order, appellant (Personal Representative of the Estate of Freddie Smith, III) challenges the trial court’s finding that section 768.075(4), Florida Statute (2007), shields property owners from liability in a negligence action for injury to a person who is committing a felony on the property without requiring any “causal nexus” between the felony and the injury. Based on the plain language of the statute, we affirm.[1]
On January 4, 2008, Freddie Smith, III, while at an apartment complex owned and operated by the Appellees, was engaged in the commission of operating a “chop shop” in violation of section 812.16, Florida Statutes, and dealing in stolen property in violation of section 812.019, Florida Statutes, both felonies. Mr. Smith was fatally shot at the apartment complex. His estate subsequently brought a negligence action alleging that the Appellees failed to provide adequate security measures and that those failures were a direct and proximate cause of Mr. Smith’s death.
After a hearing, the trial court granted Appellees’ motion for summary judgment and dismissed the action on the basis of section 768.075(4), Florida Statutes, which provides:
A person or organization owning or controlling an interest in real property, or an agent of such person or organization, shall not be held liable for negligence that results in the death of, injury to, or damage to a person who is attempting to commit a felony or who is engaged in the commission of a felony on the property.
Appellant challenges the trial court’s order, arguing that the Legislature intended to provide liability protection only in those cases where the person’s injury arose out of the commission of the felony despite the plain language of the statute itself. For support, Appellant points to the title of the enacting general law which describes the provision in relevant part as “amending s. 768.075, F.S.; ... providing immunity from certain liability arising out of the attempt to commit or the commission of a felony.” Ch. 99-225, Laws of Fla.
The standard of review on an order granting summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). Statutory interpretation is a question of law and also subject to de novo review. GTC, Inc. v. Edgar, 967 So.2d 781, 785 (Fla.2007).
Appellant asks this court to look beyond the face of the statute and infer a legislative intent contrary to the plain language of the statute despite the fact that it “is a settled rule of statutory construction that unambiguous language is not subject to judicial construction.” State v. Jett, 626 So.2d 691, 693 (Fla.1993).
Appellant points to Vildibill v. Johnson, 492 So.2d 1047, 1049 (Fla.1986), which in turn relies on State v. Webb, 398 So.2d 820 (Fla.1981), for the proposition that “legislative intent is the polestar by which the court must be guided, and this intent must be given effect even though it may contradict the strict letter of the statute.” Webb, 398 So.2d at 824. Both of those cases involved statutes where a strict literal construction led to absurd or unreasonable unconstitutional results.
*427 Appellant has not argued, and we have been unable to articulate, any ambiguity, absurdity, or unreasonableness on the face of the statute. The plain language of the statute bars recovery for any person who commits a felony on the property, not just a person whose injury arises out of the commission of a felony. We decline to read a “causal nexus” requirement into the statute.
The trial court’s order is AFFIRMED.
VAN NORTWICK and CLARK, JJ., concur.

. We affirm without comment the trial court’s finding that Mr. Smith was engaged in the commission of a felony when he was killed.