# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1081
_____

FAIR INSURANCE RATES IN
MONROE, INC.,

Appellant,

v.

OFFICE OF INSURANCE
REGULATION and CITIZENS
PROPERTY INSURANCE
CORPORATION,

Appellees.

_____

On appeal from the Office of Insurance Regulation.
David Altmaier, Commissioner.

April 30, 2018


B.L. THOMAS, C.J.

Appellant, Fair Insurance Rates in Monroe, Inc., appeals a final order from the Office of Insurance Regulation (OIR) denying its request for a formal administrative hearing regarding windstorm insurance rates established by OIR for Citizens Property Insurance Corporation. We affirm.

*I. Background and Procedural History*

Citizens was created in 2002 by the Florida Legislature to provide insurance coverage to property owners who are unable to procure insurance in the private market. *See* § 627.351(6), Fla.

Stat. Citizens is statutorily required to submit proposed rates at least annually to OIR, which in turn establishes Citizens' rates by final order after consideration of the proposal. *See* § 627.351(6)(n)1., Fla. Stat. Appellant is a corporation whose stated purpose is "to advocate for . . . the promulgation of fair, impartial, and actuarially-sound windstorm insurance rates [for residential and commercial property owners] in Monroe County, Florida."

In July and August 2016, Citizens submitted to OIR its proposed windstorm insurance rates for residential and commercial properties in all Florida counties, including Monroe County, to take effect February 1, 2017. OIR accepted public comments, and on August 18, 2016, it conducted a public hearing on the proposed rate increases. At the hearing, representatives from Citizens explained the reasoning and methodology behind the rate proposals, and individuals, including Appellant's representatives, were able to comment. Appellant's representatives expressed concern that the four hurricane models used for assessing risk returned highly divergent results for Monroe County, and contended that the rate increases were not justified in light of Monroe County's geographical characteristics, building standards, and history of premiums in excess of claims. Representatives from Citizens acknowledged these issues and indicated that Citizens would be eager to get additional guidance from the Florida Commission on Hurricane Loss Projection Methodology about an improved approach for wind ratemaking in Monroe County.

OIR approved Citizens' proposed windstorm insurance rates, including those for Monroe County, and issued Order 195073-16 (establishing residential rates) and Order 197820-16 (establishing commercial rates) on September 16 and 30, 2016, respectively. However, in recognition of the divergent hurricane model results for Monroe County, OIR indicated that it would request a review by the Florida Commission on Hurricane Loss Projection Methodology and noted that, at Appellant's request, Citizens had agreed to fund a study to evaluate the rates in light of Monroe County's higher building code standards. OIR stated that it would require Citizens to submit an additional rate filing based on these additional studies, if appropriate.

2

Following OIR's approval of the rates, Appellant sent a letter to Citizens, requesting relief under section 627.371(1), Florida Statutes.[1] The letter stated that Appellant and its Citizens policyholder members were "aggrieved by the rating plan, rating system, and regulated underwriting rules followed or adopted . . . by Citizens and [OIR] that [led] to the orders issued." Appellant asserted that the rates were excessive, unfairly discriminatory, and not actuarially sound, and that they violated "both the spirit and substance of chapter 627, Florida Statutes." Appellant requested that Citizens recalculate the rates for Monroe County, giving greatest consideration to the projections of the RMS model (the hurricane model showing the lowest risk for Monroe County), and reevaluating several factors, including the county's

---

[1] Section 627.371(1), Florida Statutes (2016), states:

(1) Any person aggrieved by any rate charged, rating plan, rating system, or underwriting rule followed or adopted by an insurer, and any person aggrieved by any rating plan, rating system, or underwriting rule followed or adopted by a rating organization, may herself or himself or by her or his authorized representative make written request of the insurer or rating organization to review the manner in which the rate, plan, system, or rule has been applied with respect to insurance afforded her or him. If the request is not granted within 30 days after it is made, the requester may treat it as rejected. Any person aggrieved by the refusal of an insurer or rating organization to grant the review requested, or by the failure or refusal to grant all or part of the relief requested, may file a written complaint with the office, specifying the grounds relied upon. If the office has already disposed of the issue as raised by a similar complaint or believes that probable cause for the complaint does not exist or that the complaint is not made in good faith, it shall so notify the complainant. Otherwise, and if it also finds that the complaint charges a violation of this chapter and that the complainant would be aggrieved if the violation is proven, it shall proceed as provided in subsection (2).

3

geography, its construction standards, and its premium-versus-loss history. Appellant requested, in the alternative, that Citizens suspend the effective date of the new rates until after completion of the two studies discussed in the rate orders.

Citizens responded to the letter, stating that it could not provide relief, because OIR established the rates, not Citizens. Citizens further noted that section 627.371(1), Florida Statutes, allows a challenge to a rate, rate plan, or rule that *has been applied*, but does not address challenges to the *establishment* of a rate.

Appellant then filed a complaint with OIR under section 627.371(1), asserting that its members were "aggrieved by the rating plan, rating system and related underwriting rules" that led to the two rate orders. Appellant asserted that the rates for Monroe County were selected using widely divergent models, leading to excessive, discriminatory, non-actuarially sound, and unaffordable rates. Appellant requested that Citizens be ordered to recalculate the rates, or alternatively, ordered to suspend the effective date pending completion of the two studies.

OIR responded to Appellant's letter, stating that under section 627.371(1), OIR was required to determine whether the complaint provided probable cause to believe a provision of chapter 627 had been violated. OIR noted that before issuing its rate orders, it considered the points raised in the complaint, which had been presented at the public hearing and in public comments. Taking Appellant's representations in the complaint as true, OIR determined there was no probable cause to believe the established rates were excessive, discriminatory, or not actuarially sound, or that they otherwise violated any provision of chapter 627, Florida Statutes. And because there were no disputed issues of material fact, the provisions of section 120.57(2) (governing informal administrative proceedings), rather than 120.57(1) (governing formal proceedings before an administrative law judge) applied. Therefore, OIR provided deadlines under section 120.57(2) for Appellant to submit oral or written evidence in opposition to OIR's refusal to act as requested.

Appellant filed a petition for formal administrative hearing the following day, and later filed an amended petition. In its amended petition, Appellant sought formal administrative review under sections 120.569 and 120.571(1), Florida Statutes, of the two rate orders as well as OIR's letter finding no probable cause. Appellant asserted that its members' substantial interests were affected by the rates, and that several disputed issues of material fact existed with regard to the methodology used for determining the rates and whether the rates met the standards under chapter 627 (affordable, actuarially sound, and not excessive, inadequate, or unfairly discriminatory).

OIR issued its final order on the petition and separately addressed Appellant's request for a hearing on the probable-cause letter and on the rate orders themselves. As to the rate orders, OIR dismissed the petition, concluding that Appellant's "attempt to challenge the Rate Orders under [s]ections 120.569 and 120.57, Florida Statutes, is precluded under Florida law," because the rate orders are final orders not subject to administrative challenge. As to Appellant's request for a formal hearing on OIR's finding of no probable cause under section 627.371, Florida Statutes, OIR denied the petition and reiterated its position that no disputed issues of material fact existed, stating, "assuming that Section 627.371, Florida Statutes, applies to the issues raised[,] . . . Appellant has not submitted any evidence or additional information that would provide probable cause . . . that the established rates violate an applicable provision of Chapter 627, Florida Statutes." Appellant now challenges both decisions in the final order.

## II. Analysis

As our consideration of these issues requires an examination of several statutory provisions, our review is de novo. *See, e.g.*, *Kuria v. BMLRW, LLLP*, 101 So. 3d 425, 426 (Fla. 1st DCA 2012).

### A. Rate Orders

OIR determined that administrative review of the rate orders was precluded under section 627.351(6)(n)1., Florida Statutes, which requires OIR to establish the rates by a "final"

order." Appellant argues that, as an entity whose substantial interests are affected by the rates, administrative review of the final orders was available to it. We conclude that section 627.351(6)(n)1. does not provide a point of entry for Citizens' policyholders to seek review of final rate orders issued by OIR.

Section 627.351(6)(n)1., provides:

> Rates for coverage provided by [Citizens] must be actuarially sound and subject to s. 627.062, except as otherwise provided in this paragraph. [Citizens] shall file its recommended rates with the office at least annually. [Citizens] shall provide any additional information regarding the rates which the office requires. [OIR] shall consider the recommendations of the board and issue a final order establishing the rates for [Citizens] within 45 days after the recommended rates are filed. *[Citizens] may not pursue an administrative challenge or judicial review of the final order of the office.*

(Emphasis added.) Appellants argue that because section 627.351(6)(n)1. only explicitly prohibits Citizens from seeking administrative or judicial review of a final rate order, other individuals and entities affected by the order must be entitled pursue these avenues. *See Moonlit Waters Apartments, Inc. v. Cauley*, 666 So. 2d 898, 900 (Fla. 1996) (applying the canon of statutory construction *expressio unius est exclusio alterius*). Appellants further argue that the issuance of a rate order under section 627.351(6)(n)1. is "final agency action," thus creating an entry point for administrative review. We must disagree.

We must first look to the plain and ordinary meaning of the text. *See Rollins v. Pizzarelli*, 761 So. 2d 294, 297-98 (Fla. 2000). Where an ambiguity exists in the text, courts will look behind the plain language and employ rules of statutory construction in order to ascertain the meaning. *See, e.g.*, *Gulfstream Park Racing Ass'n v. Tampa Bay Downs, Inc.*, 948 So. 2d 599, 606-07 (Fla. 2006). We conclude that the plain text of section 627.351(6)(n)1. is not clear and unambiguous in regard to whether a Citizens policyholder can seek administrative review of a final order establishing rates. However, in light of the

statutory framework under which Citizens operates and the fact that a "final order" signifies the conclusion—not the start—of the administrative process, we hold that Appellant was precluded from seeking review of the final orders establishing Citizens' rates. We thus affirm the dismissal of Appellant's petition for an administrative hearing on the rate orders.

Under the Administrative Procedure Act, a "final order" is issued at the *conclusion* of any formal or informal administrative proceedings, and constitutes final agency action subject to judicial review by the appellate court.[2] *See* § 120.52(7); 120.569; *see also* Fla. R. App. P. 9.190(b)(1). Thus, assuming that "final order" under section 627.351(6)(n)1. has the same meaning as under the Administrative Procedure Act, its issuance would signify the point at which the administrative process has ended. Appellant points out, however, that a "final order" under the Administrative Procedure Act "results from a *proceeding*" under one of several enumerated provisions of the Act: section 120.56 (rule challenges), section 120.565 (declaratory statements), section 120.569 (decisions affecting substantial interests), section 120.57 (formal and informal administrative hearings), section 120.573 (mediation of disputes), or section 120.574 (summary hearings). § 120.52(7), Fla. Stat. (emphasis added). Because the issuance of a final order under section 627.351(6)(n)1. does not result from any of these enumerated proceedings, it does not fit squarely within the definition under the Act.

Despite the lack of a clear definition of "final order" as used in section 627.351(6)(n)1., its meaning is made clear by examining the statutory framework used for establishing Citizens' rates, as compared to the process utilized for private insurers. Unlike Citizens, private insurers are entitled to administratively challenge OIR's rating decisions. *See*

---

[2] Within the definition of "final order" in section 120.52(7), "final agency action" is the end point of the administrative proceedings, triggering judicial review under section 120.68(1). *See Sowell v. State*, 136 So. 3d 1285, 1288 (Fla. 1st DCA 2014) ("Final agency action is that which brings the administrative adjudicatory process to a close.").

7

§ 627.062(6)(a), Fla. Stat. (2016). If OIR determines a private insurer's proposed or charged rate[3] is excessive, inadequate, or unfairly discriminatory, OIR must notify the insurer of its intent to disapprove the rate, which constitutes "agency action" subject to administrative challenge by the insurer.[4] § 627.062(2). Under section 627.062(6)(a), when the insurer seeks administrative review of this "agency action," the entirety of the proceeding is expedited, from the formal administrative hearing, to the administrative law judge's recommended order, to the agency's final order, and finally to judicial review with the appellate court. § 627.062(6)(a).

Notably, Citizens' rates were formerly established in the same manner as private insurers, but the process was amended in 2007 to omit the step whereby OIR provided notice of its intent to approve or disapprove the proposed rates. See Ch. 2007-1, § 21, Laws of Fla. Now, OIR directly establishes the rates by a final order. § 627.351(6)(n)1., Fla. Stat. The crux of this change is that it removes the "agency action" that would otherwise provide a point of entry for administrative review. And the statute goes a step further, precluding *Citizens itself* from seeking the judicial review that ordinarily becomes available to the insurer upon issuance of the "final order." See §§ 120.68(1)(a) & 627.351(6)(n)1., Fla. Stat.

Reading these statutes together, we conclude that OIR's interpretation is the better reading of section 627.351(6)(n)1. *See*

---

[3] Private insurers may either file proposed rates for OIR's approval before they take effect ("file and use"), or begin using the rates and make its filing for OIR's approval within 30 days after the effective date ("use and file"). § 627.062(2)(a).

[4] While we do not face the question of whether a policyholder could administratively challenge OIR's notice of intent to approve or disapprove a private insurer's proposed rates, we find no reported case in which this has occurred. Rather, it appears the policyholder's point of entry is under section 627.371, Florida Statutes, once excessive, inadequate, unfairly discriminatory, unaffordable, or non-actuarially sound rates have been applied to them.

*Soc'y for Clinical & Med. Hair Removal, Inc. v. Dep't of Health*, 183 So. 3d 1138, 1145 (Fla. 1st DCA 2015) ("An agency's interpretation of an ambiguous statute or rule that it administers is not clearly erroneous if it is within the range of possible and reasonable interpretations." (internal quotations and citations omitted)). Because OIR's final orders establishing Citizens' rates do not provide a point of entry for administrative review, we affirm OIR's order denying a formal administrative hearing on the rate orders.

## B. *Determination of Probable Cause*

Appellant's amended petition also sought formal administrative review of OIR's determination under section 627.371(1), Florida Statutes, that there was no probable cause to believe the established rates were excessive, unfairly discriminatory, not actuarially sound, or otherwise in violation of chapter 627. In denying the request, OIR stated that because it accepted Appellant's factual allegations as true for purposes of determining probable cause, a formal hearing under section 120.57(1) was not warranted. We need not opine as to whether OIR properly concluded there were no facts in dispute, as we affirm based on the alternative ground proposed by OIR in this appeal: that Appellant did not assert a cognizable claim under section 627.371, Florida Statutes, because it challenged the *establishment* of rates by OIR, not the *application* by Citizens of rates with respect to insurance *afforded to* its members. *See, e.g.*, *Shands Teaching Hosp. and Clinics, Inc. v. Mercury Ins. Co. of Fla.*, 97 So. 3d 204, 212 (Fla. 2012) (noting that the appellate court should affirm where there is record support for the decision reached, even if the reasoning used was incorrect).

Under section 627.371(1), Florida Statutes, anyone "aggrieved by" an insurance rate, rating plan, rating system, or underwriting rule is entitled to request review by the insurer or rating organization of "the manner in which the rate, plan, system, or rule *has been applied with respect to insurance afforded her or him*." (Emphasis added.) If the insurer refuses to act as requested, the person may then file a written complaint with OIR for a determination of whether probable cause exists to believe the rate, rating plan, or rating system does not comply

9

with the standards outlined in chapter 627. § 627.371(2). If OIR finds no probable cause, it must notify the complainant of that determination; if it finds probable cause does exist, it must give notice of the noncompliance to the insurer and take further action if the noncompliance is not corrected. § 627.371(2)-(3).

We hold that because Appellant sought a probable-cause determination with regard to rates not yet applied and insurance not yet afforded to its members, its claim under section 627.371, Florida Statutes, was premature. *See* § 627.371(1), Fla. Stat. At the time Appellant requested relief from Citizens and sought a probable-cause determination from OIR, the rates established in the final orders were not in effect and had not been applied to any policyholder. The claim was instead another attempt to seek administrative review of the rate orders themselves, which was precluded under Florida law for the reasons previously discussed.

## III. Conclusion

We conclude that section 627.351(6)(n)1., Florida Statutes, does not contemplate administrative review by Citizens' policyholders of final rate orders. Further, while section 627.371, Florida Statutes, does provide a point of entry for policyholders to seek a probable-cause determination as to the legality of rates applied with respect to insurance afforded to them, the rates established in OIR's final orders had not yet been applied when Appellant sought review. We, therefore, agree with OIR that Appellant was not entitled to a formal administrative hearing to challenge either the rate orders or the probable-cause determination. The order on appeal is affirmed.

AFFIRMED.

WETHERELL and WINSOR, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

Kenneth G. Oertel, Timothy J. Perry and Sidney C. Bigham, III, of Oertel, Fernandez, Bryant & Atkinson P.A., Tallahassee, for Appellant.

Shaw P. Stiller, Chief Assistant General Counsel, Alyssa S. Lathrop, Assistant General Counsel, Office of Insurance Regulation, Tallahassee, for Appellee Office of Insurance Regulation.

Timothy W. Volpe and Thomas P. White of Adams and Reese LLP, Jacksonville, for Appellee Citizens Property Insurance Corporation.