DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRIDE OF ST. LUCIE LODGE 1189, INC. d/b/a TEMPLE 853**,
Appellant,

v.

**TEAIRA NICOLE REED,** as Personal Representative of the **ESTATE OF TANYA RENEE OLIVER**,
Appellee.

No. 4D19-3009

[November 4, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence Michael Mirman, Judge; L.T. Case No. 16-CA-001445 (ON).

Jack R. Reiter and Sydney Feldman of GrayRobinson, P.A., Miami, for appellant.

James C. Blecke of The Haggard Law Firm, P.A., Coral Cables, for appellee.

DAMOORGIAN, J.

In this negligent security case, Pride of St. Lucie Lodge 1189, Inc. d/b/a Temple 853 ("the Lodge") appeals the final judgment entered in favor of Teaira Nicole Reed ("Plaintiff") as the personal representative of the estate of Tanya Renee Oliver ("the Decedent"). We affirm the final judgment in all respects and write only to address the Lodge's argument that the trial court erred in denying its request for a section 768.075(4), Florida Statutes (2016), "felony defense" instruction.

By way of background, Plaintiff filed a negligent security action against the Lodge after her mother was fatally shot in a parking lot owned and operated by the Lodge. The evidence at trial established that on the night of the incident, a brawl between some members of the Decedent's party and some members of the shooters' party, including a pregnant female, occurred inside the Lodge. The parties involved in the brawl were then

removed to the parking lot, where a second brawl ensued.[1]  Evidence was presented at trial to support the conclusion that the Decedent participated in the parking lot brawl and knowingly struck the pregnant female.  After the brawl in the parking lot ended, the shooters' party left the premises and the Decedent's party got inside their vehicle which was parked in the Lodge's parking lot.  Before the Decedent's group could leave the parking lot, the shooters' group returned and opened fire on their vehicle, fatally striking the Decedent who was seated in the front passenger seat.

During the charge conference, the Lodge sought an instruction pursuant to section 768.075(4), Florida Statutes, which provides:

> A person or organization owning or controlling an interest in real property, or an agent of such person or organization, shall not be held liable for negligence that results in the death of, injury to, or damage to a person who is attempting to commit a felony or who is engaged in the commission of a felony on the property.

§ 768.075(4), Fla. Stat. (2016).  The Lodge argued that there was evidence presented at trial showing the Decedent committed a felony on the Lodge's property by knowingly striking the pregnant female.  The trial court refused to give the instruction for several reasons, including that the defense did not apply because the Decedent was not engaged in the commission of a felony when she was shot.[2]  We agree with the trial court.

As the unambiguous present tense language in the statute makes clear, the defense only applies to injuries the plaintiff sustains in the commission or attempted commission of a felony.  *See id.*; *see also Byers v. Radiant Grp., L.L.C.*, 966 So. 2d 506, 512–13 (Fla. 2d DCA 2007) (Altenbernd, J., concurring) (reiterating that "[t]he legislature . . . has enacted section 768.075(4), which prevents a property owner from being held liable under

[1]  One of the bases of Plaintiff's negligent security claim was that the Lodge's security guards removed both groups to the parking lot without ensuring that the first group had left the property.  This was contrary to the Lodge's own established security procedures which required security guards to remove one group at a time, wait until the first group leaves the premises, and then remove the second group.

[2]  As the Lodge correctly pointed out during oral argument, the trial court initially refused to give the instruction on the basis that the Lodge waived the defense by failing to sufficiently plead the defense in its answer.  However, the trial court later added to its previous ruling and concluded that, in addition to not being sufficiently pled, the section 768.075(4) defense did not apply because the Decedent was not engaged in the commission of a felony when she was shot.

2

a negligence theory to an individual who is injured *while committing or attempting to commit a felony*," and concluding the jury should have been instructed on the defense because there was "significant evidence that would support a theory that [plaintiff] was engaged in the commission of a felony *at the time he was killed*" (emphasis added)). *Cf. Copeland v. Albertson's Inc.*, 947 So. 2d 664, 666–67 (Fla. 2d DCA 2007) (analyzing the applicability of section 776.085(1), a different but similarly worded statute which "provides a defense to a civil action for damages based on personal injury if the injury was sustained 'by a participant *during the commission or attempted commission of a forcible felony*,'" and concluding "the section 776.085 defense is applicable only to injuries the plaintiff sustains in the 'commission or attempted commission' of a forcible felony" (emphasis added) (quoting § 776.085(1), Fla. Stat. (2000))).

Here, although evidence was presented at trial which would support a theory that the Decedent committed a felony during the parking lot brawl by knowingly hitting a pregnant woman, *see* § 784.045(1)(b), (2), Fla. Stat. (2016), it is undisputed that the Decedent was sitting in a vehicle and no longer allegedly engaged in the commission of a felony when she was shot. Accordingly, as correctly found by the trial court, the section 768.075(4) defense does not apply in this case. *Cf. Copeland*, 947 So. 2d at 667 (holding, in the context of a final summary judgment, that the plaintiff's conviction of aggravated assault against the clerk inside the store did not support a section 776.085 defense so as to preclude liability for the injuries sustained by the plaintiff in the parking lot, reasoning that the "defense is applicable only to injuries the plaintiff sustains in the 'commission or attempted commission' of a forcible felony" (quoting § 776.085(1), Fla. Stat. (2000))).

The Lodge nonetheless maintains that such a temporal limitation does not apply to a section 768.075(4) defense and cites *Kuria v. BMLRW, LLLP*, 101 So. 3d 425 (Fla. 1st DCA 2012), in support thereof. The Lodge's reliance on *Kuria* is misplaced. The decedent in *Kuria* was operating an illegal "chop shop" and dealing in stolen property, both felonies, while at an apartment. *Id.* at 426. The decedent was fatally shot at the apartment complex and his estate brought a negligence action against the property owner for failure to provide adequate security measures. *Id.* After finding that the decedent was engaged in the commission of a felony when he was killed, the trial court entered summary judgement in favor of the apartment complex pursuant to section 768.075(4), Florida Statutes. *Id.* The estate thereafter appealed, arguing that the trial court erred in finding that section 768.075(4) "shields property owners from liability in a negligence action for injury to a person who is committing a felony on the property without requiring any 'causal nexus' between the felony and the

injury." *Id.* The appellate court disagreed, holding that the plain language of the statute contained no such "causal nexus" requirement. *Id.* at 427. Importantly, the appellate court also recognized and affirmed the trial court's finding that the decedent "was engaged in the commission of a felony *when he was killed.*" *Id.* at 426 n.1 (emphasis added).

As illustrated above, the *Kuria* decision merely stands for the proposition that the injury giving rise to the negligence action need not have been caused by, or arise out of, the commission of the felony in order for the section 768.075(4) defense to apply. The decision does not alter the requirement that the plaintiff be actively engaged in the commission of or attempted commission of a felony at the time the injuries are sustained.

*Affirmed.*

CIKLIN, J., and FRINK, KEATHAN B., Associate Judge, concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***